Filed 11/29/22  P. v. Myers CA2/1
Opinion on remand from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT
### DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B306667 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA061108) |
| v. | |
| MARK DAMON MYERS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Gary J. Ferrari, Judge.  Reversed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill, Amanda V. Lopez, and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

In 2020, the trial court summarily denied defendant and appellant Mark Damon Myers's petition under former Penal Code section 1170.95[1] for resentencing on his murder conviction. In a previous opinion, we affirmed, reasoning that the jury's finding of a felony-murder special circumstance (§ 190.2, subd. (a)(17)) made Myers ineligible for resentencing as a matter of law.

The Supreme Court subsequently vacated our decision and ordered us to reconsider the case in light of its decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). Both Myers and the Attorney General agree, as do we, that we must reverse the denial of Myers's petition and remand the case for further proceedings in the trial court.

### FACTUAL AND PROCEDURAL SUMMARY

In 2006, a jury convicted Myers of one count of murder (§ 187, subd. (a)), three counts of robbery (§ 211), one count of preventing a witness from testifying (§ 136.1, subd. (a)(2)), and one count of conspiracy (§ 182, subd. (a)(1)). In addition, the jury found true an allegation of a felony-murder special circumstance (§ 190.2, subd. (a)(17)). The trial court sentenced Myers to life in prison without the possibility of parole.

In a nonpublished opinion, we described the facts of the case: "Defendant, a member of the Eastside Longo criminal street gang, was a longtime acquaintance of murder victim Rudolpho Rodriguez and Rodriguez's girlfriend, Christina James, both of whom were methamphetamine users. Gregory Clark and Jo'el Bruce, with whom defendant was also acquainted, lived next

---

[1] Subsequent statutory references are to the Penal Code.

2

door to defendant's grandmother in the City of Signal Hill. At one point defendant asked Clark if defendant could go into the methamphetamine dealing business with Clark. Clark declined.

"On April 15, 2004, Rodriguez and James went to visit Clark and Bruce at their home. As Rodriguez and James approached the Clark-Bruce house, they saw defendant standing on the porch of his grandmother's house. Defendant told Rodriguez that he wanted to talk to him. Rodriguez agreed and the two talked for five to 10 minutes while James visited with Clark and Bruce. Rodriguez then joined James, Clark and Bruce inside the Clark-Bruce residence.

"About five minutes later, defendant knocked on the door of the Clark-Bruce residence and was let in by Clark. Defendant was accompanied by two men, one of whom displayed a gun. Defendant told those in the room that they were being 'taxed' and ordered them to hand over their valuables. Clark handed over his rings and about $200 in cash. Three cell phones were taken from James's purse. Rodriguez asked defendant's two accomplices for their names. Defendant responded that Rodriguez should not be concerned, and that Rodriguez should remember that defendant was from Eastside Longo.

"According to James, after the cell phones had been taken from her purse the accomplice who had the gun told James to take off her jewelry. Rodriguez then stood up, 'said that they would have to shoot him now,' and hit defendant in the head. Defendant said, ' "Shoot him, just shoot him," ' and the accomplice with the gun shot Rodriguez.

"According to Clark, the accomplice with the gun pointed it at Rodriguez and told Rodriguez to empty his pockets. After doing so, Rodriguez said to defendant, ' "now you're going to have

3

to shoot me." And advanced on [defendant].' Rodriguez 'threw the first punch' and the two struggled 'somewhat.' Clark next saw a flash, heard a gunshot, and saw Rodriguez fall to the floor. Clark did not recall anyone saying, 'Shoot him.'

"Following the shooting, defendant and his accomplices fled. Rodriguez was taken to the hospital, where he died of a single gunshot wound to the torso. The fatal bullet was recovered from Rodriguez's body. A spent bullet casing was found at the scene." (*People v. Myers* (Dec. 17, 2008, B206153) [nonpub. opn.] (*Myers*).)

In his direct appeal, Myers argued that the trial court erred by giving the jury instructions as to the special circumstance for felony murder that were appropriate where the defendant was the actual killer, even though the evidence showed Myers did not kill the victim. We agreed but held that the error was harmless beyond a reasonable doubt because Myers was, at a minimum, a major participant in the robbery and acted with reckless indifference to human life.[2] (*Myers, supra*, B206153.) For this reason, "[w]e conclude[d] that a properly instructed jury would have found true the robbery special circumstance alleged against defendant." (*Ibid.*)

In 2018, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437), which abolished the natural and probable consequences doctrine in cases of murder, and limited the application of the felony-murder doctrine. (See *People v. Gentile* (2020) 10 Cal.5th 830, 842–843.) Under the new law, a conviction for felony murder requires

---

[2] Because there was a dispute as to whether Myers ordered his accomplice to shoot Rodriguez, we could not say conclusively that Myers acted with the intent to kill.

proof that the defendant was either the actual killer, acted with the intent to kill, or "was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e)(3).) The legislation also enacted former section 1170.95, which established a procedure for vacating murder convictions for defendants who could no longer be convicted of murder because of the changes in the law and resentencing those who were so convicted. (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.) In 2021, the Legislature enacted Senate Bill No. 775 (2021−2022 Reg. Sess.) (Stats. 2021, ch. 551), which clarified and amended certain aspects of Senate Bill No. 1437. The Legislature subsequently renumbered former section 1170.95 as section 1172.6 without further substantive change. (See Stats. 2022, ch. 58, § 10.)

Myers filed a petition for resentencing on February 25, 2020. The trial court did not appoint counsel to represent Myers, and summarily denied the petition on the ground that the record of conviction, including our opinion in his direct appeal, showed as a matter of law that he was a major participant in the felony who acted with reckless indifference to human life and was therefore ineligible for resentencing.

## DISCUSSION

In our prior opinion in this case, we agreed with Myers that the trial court erred by denying his resentencing petition without appointing counsel (see *People v. Lewis* (2021) 11 Cal.5th 952, 961−970 (*Lewis*) [trial court must appoint counsel to represent the petitioner in all cases where the petition is facially sufficient]), but we held that the error was harmless because the record showed as a matter of law that Myers was ineligible for relief. We noted that a felony-murder special circumstance

5

finding requires proof at a minimum that the defendant acted "with reckless indifference to human life and as a major participant" (§ 190.2, subd. (d)) in the underlying felony. This is identical to the showing required for felony murder under the law as amended by Senate Bill No. 1437. (See § 189, subd. (e)(3).) To be eligible for resentencing, a defendant must first make a prima facie case that he "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective" as a part of Senate Bill No. 1437. (§ 1172.6, subd. (a)(3).) Myers could not meet this requirement because the special-circumstance finding meant that he remained guilty of murder despite the change in the law.

The Supreme Court in *Strong* agreed with us that a prior special-circumstance finding would ordinarily disqualify a defendant from resentencing under section 1172.6. (See *Strong*, *supra*, 13 Cal.5th at p. 715.) But the court held that an exception applied to defendants like Myers who were convicted of special-circumstance felony murder before the court issued its opinions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, clarifying the meaning of "major participant" and "reckless indifference to human life." (*Strong*, *supra*, at pp. 706–707.) The decisions in *Banks* and *Clark* "represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue" that the principle of issue preclusion would otherwise forbid. (*Id*. at p. 717.) For this reason, the court concluded that a pre-*Banks*/*Clark* felony-murder special-circumstance finding does not disqualify a defendant from resentencing relief under section 1172.6. (*Strong*, *supra*, at p. 720.)

6

We agree with both Myers and the Attorney General that, under *Strong*, there is no basis for denying Myers's petition at the prima facie stage. At this stage, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' ([*People v.*] *Drayton* [(2020)] 47 Cal.App.5th [965,] 980.) . . . [T]he 'prima facie bar was intentionally and correctly set very low.' " (*Lewis*, *supra*, 11 Cal.5th at p. 972.) The court, in evaluating whether the defendant has made a prima facie case, may not "independently examine[ ] the record and determine[ ], applying the *Banks* and *Clark* standards, that sufficient evidence supports the earlier findings." (*Strong*, *supra*, 13 Cal.5th at p. 719.)

Because Myers has made a prima facie case for resentencing, the trial court must issue an order to show cause and conduct further proceedings in the case. (See § 1172.6, subd. (c).)

## DISPOSITION

The trial court's order denying the petition for resentencing is reversed.  On remand, the trial court shall appoint counsel to represent Myers, issue an order to show cause, and conduct further proceedings as specified in section 1172.6.

NOT TO BE PUBLISHED.


                                                    ROTHSCHILD, P. J.

We concur:



CHANEY, J.



BENDIX, J.

8